Submitted on record and briefs February 10, affirmed December 27, 1995, petition for review denied July 23, 1996 (323 Or 690)

## DAVID ISAAC MAIMON,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

### (CA A78294)

909 P2d 874

David Isaac Maimon filed the brief *pro se*.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert K. Lau, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

### DEITS, P. J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) granting him a seven-month reduction in his prison term. We affirm.

In Multnomah Circuit Court case number 83-09-34470, petitioner was convicted of rape in the first degree and sexual abuse in the first degree in connection with the rape of a 13-year-old girl on July 31, 1983. In Multnomah Circuit Court case number 83-08-33888, petitioner was convicted of rape in the first degree, three counts of sodomy in the first degree, and two counts of sexual abuse in the first degree in connection with sexual offenses committed against two young women on August 8, 1983. In the first case, the sentencing court merged the sexual abuse conviction with the rape conviction and sentenced petitioner to 20 years incarceration with a 10-year minimum. In the second case, the court sentenced petitioner to 20 years incarceration with a ten-year minimum to run consecutive to petitioner's first sentence. On October 28, 1992, the Board conducted a personal review hearing, pursuant to OAR 255-40-025, to determine whether petitioner merited a reduction in his prison sentence based on his previous three years of incarceration. The Board granted petitioner a reduction of seven months.

■ Petitioner argues that the Board erred by not granting him a greater reduction in his sentence. In his first assignment of error, petitioner inexplicably argues that, at the time that he committed his offenses, the Board lacked statutory authority to advance an inmate's release date or to adopt a rule authorizing such action. However, in *Eggsman v. Board of Parole*, 60 Or App 381, 653 P2d 1277 (1982), we held that the Board had such authority. Petitioner asks us to overrule *Eggsman*, but we decline to do so and reject the remainder of petitioner's first assignment of error without discussion.

■ In his second assignment of error, petitioner asserts several arguments in support of his contention that the Board failed to acknowledge the full extent of his reformation. Petitioner first argues that the Board did not properly consider the seriousness of his offenses, because the board action forms erroneously indicated that, in connection with the rape

of the 13-year-old girl, he was convicted of sodomy in the first degree instead of sexual abuse in the first degree. The board action forms were incorrect. However, that error did not prejudice petitioner. For sentencing purposes, petitioner's conviction for sexual abuse in the first degree was merged with his rape conviction. The erroneous board action forms similarly indicated that the sodomy conviction was merged with the rape conviction. Consequently, the erroneously listed sodomy conviction was not assigned an independent crime category and history/risk score. There is no indication that the Board considered the erroneously listed sodomy conviction in any way. Thus, we conclude that the error did not harm petitioner.

■    Petitioner next argues that the Board was required to order him to undergo a psychological evaluation before determining the extent of his reformation and that the failure to do so is reversible error. We disagree. Under ORS 144.223(1), the Board may, but is not required to, order prisoners being considered for parole to undergo psychological evaluations:

> "The State Board of Parole and Post-Prison Supervision *may* require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole." (Emphasis supplied.)

Accordingly, the Board's failure to order a psychological exam in this case was within its discretion. Petitioner's remaining arguments in this assignment of error lack merit and warrant no discussion.

■    In his third assignment of error, petitioner argues that the Board lacked the authority to adopt OAR 255-15-010(2), which provides:

> "When the Board denies disclosure of information to a prisoner, the Board must enter into the record a written statement of the reasons for denial which only the Attorney General and the courts may review."[1]

---

[1] OAR 255-15-010(1) sets forth the circumstances under which disclosure of records is not required:

"The Board shall disclose its records to any person or agency unless disclosure would:

"(a) Interfere with the rehabilitation of the person concerned; or

Petitioner argues that that rule exceeds the Board's statutory authority, "because it fails to announce nondisclosure prior to the parole hearing." We disagree. Under the applicable statutes, the Board is not required to disclose material that it deems confidential or to provide notice to petitioner of its decision not to disclose material prior to hearing. ORS 144.130(1) provides:

> "Notwithstanding the provisions of ORS 179.495, *prior to a parole hearing* or other personal interview, each prisoner shall have access to the written materials which the board shall consider with respect to the release of the prisoner on parole, *with the exception of materials exempt from disclosure under ORS 192.502(4)."* (Emphasis supplied.)

ORS 192.502(4) provides:

> "The following public records are exempt from disclosure under ORS 192.410 to 192.505:

> "Information or records of the Department of Corrections, including the State Board of Parole and Post-Prison Supervision, to the extent that disclosure thereof would interfere with the rehabilitation of a person in custody of the department or substantially prejudice or prevent the carrying out of the functions of the department, if the public interest in confidentiality clearly outweighs the public interest in disclosure."

■ ■   Additionally, ORS 144.130(2) gives the Board the authority to enact rules governing a prisoner's access to information relied on by the Board:

> "The board and the Director of the Department of Corrections shall jointly adopt procedures for a prisoner's access to written materials pursuant to this section."

Thus, the Board has the authority to adopt rules regarding nondisclosure of confidential information. There is nothing in the relevant statutes that requires the Board to give petitioner notice of its intent to rely on confidential information. Thus, the Board had the authority to adopt OAR 255-15-010(2). Further, we also reject petitioner's argument

---

"(b) Substantially interfere with the carrying out of the function of the Board or the Department of Corrections; or

"(c) Would endanger the inmate or other persons; or

"(d) Compromise the privacy of the inmate or another person."

to the extent that he claims OAR 255-15-010(2) violates the Due Process Clause of the Fourteenth Amendment. *Flowers v. Board of Parole*, 124 Or App 331, 862 P2d 1312 (1993), *rev den* 318 Or 325 (1994).

In his fourth assignment of error, petitioner asserts that the Board violated the *ex post facto* provisions of the state and federal constitutions by determining the amount of his sentence reduction under a version of OAR 255-40-025 not yet in effect at the time of his offenses. However, the Board applied the rule in effect at the time he committed his crimes. In its additional findings of fact, the Board stated:

> "The Board applied the rules in effect at the time of the crime and decided on a reduction of 7 months (or 2.9% of the initial prison term) is [*sic*] what your behavior merits."

Thus, the Board properly calculated the amount of petitioner's sentence reduction, and petitioner's arguments are without merit.

Affirmed.